Per Curiam.
The affidavit on which the order Tor the examination was based, after giving the usual preliminary statement, proceeded to give the facts that would show the nature of the action, and proceeded as follows: “ The complaint to be framed herein will, after the' discovery sought, state appropriate allegations based upon said facts and demand judgment, etc.” “I do further say I have diligently endeavored to ascertain information and evidence of the details and particulars of the matters hereinbefore set forth, and, as I am informed and believe, my said attorneys have likewise endeavored so to do, but cannot procure or obtain the same either by statements or admissions of the defendant, Alfred F. Walcott, and also by reason of the fact that the books and. records, of the defendant, The Rapid Transit & Bridge Construction Company, are obliged to be kept in the *139 City of Chicago, aforesaid, so that proceedings for an inspection of their records is not available to deponent or his attorneys.
It then appears that the affidavit does not show the materiality or the necessity of the examination for the admitted purpose of the application to frame a complaint. To make appropriate allegations does, not call for new knowledge to be gained from an examination, for they are to be based upon “said facts,” which are known and stated in the affidavit. An ignorance of details and particulars, generally referred to, without specification as to the kind of detail or particularity, does not show that sufficient knowledge or information is not possessed to enable the plaintiff properly to frame a complaint without uncalled-for particularity or minuteness.
Indeed it does not appear that the plaintiff is not possessed of all the information the examination might furnish, although the affidavit avers that he has been unable to obtain the information from certain specified persons; non constat that there have not been other sufficient sources of knowledge. The vacating of the order was called for on these grounds.
An affidavit to be sufficient to maintain such an order, should show a want of information as to subject matters, information of which will enable the party to make allegations that are material to the proper framing of a pleading. The affidavit is ‘so vague and indefinite, as to the matters, that it cannot be perceived from all the averments taken together, that what the plaintiff seeks in the examination will be necessary to the complaint. Therefore it does not appear that, the examination is necessary and material within the meaning of the Code.
There should be such a particularity of statement as to the subject matter referred to (§ 873), that the court may “ designate and limit the particular matters as to which a party- to an action shall be examined.”
*140 This provision is for the benefit of the party to be examined, and the papers should disclose sufficient facts to enable the judge, in his discretion, to direct what course- the examination may take. And the party should ■ have the means of claiming his right in that regard. On the present affidavits a judge could not make such a direction as the section intends.
Order affirmed with ten dollars costs.